UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

PATRICK M. POWELL,

    Plaintiffs,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 3:15-cv-406

Magistrate Judge Michael J. Newman
(Consent Case)

---

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET**

---

This Social Security disability benefits appeal is presently before the undersigned for disposition based upon the parties' consent. Doc. 7. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 8), the Commissioner's memorandum in opposition (doc. 9), Plaintiff's reply (doc. 10), the administrative record (doc. 6),[1] and the record as a whole.

I.

A.    **Procedural History**

Plaintiff filed for DIB alleging a disability onset date of January 1, 2007. PageID 172-78. Plaintiff claims disability as a result of a number of impairments including, *inter alia*, issues with

---

[1] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

his knees, cervical spine, right shoulder, as well as anxiety and a substance abuse disorder. PageID 93.

After initial denials of his application, Plaintiff received a hearing before ALJ Christopher L. Dillon on March 6, 2014. PageID 55-61. On May 29, 2015, the ALJ issued a written decision finding Plaintiff not disabled. PageID 90-108. Specifically, the ALJ's findings were as follows:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2011.

2. The claimant did not engage in substantial gainful activity from January 1, 2007, the alleged onset date, through December 31, 2011, the date last insured ["DLI"] (20 CFR 404.1520(b) and 404.1571 et seq.).

3. Through the date last insured, the claimant had the following severe impairments: bilateral knee disorder, cervical spine disorder, light shoulder disorder, and the combination of substance use disorder, affective disorder, and anxiety-related disorder (20 CFR 404.1520(c)).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1(20 CFR 404.1520(d)).

5. After careful consideration of the entire record, I find that, based on all of the impairments through the date last insured, including the substance use disorders, the claimant retained the [residual] functional capacity ["RFC"] for work that involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket flies, ledgers, and small tools; standing and/or walking for a total of no more than 2 hours per work day; sitting for a total of 6 hours; no climbing of ropes/ladders/scaffolding, kneeling, crouching or crawling; no more than frequent postural activity otherwise; no foot pedal operation; no more than occasional reaching with the dominant 1ight upper extremity; no exposure to hazards, such as moving machinery and unprotected heights; no operation of a commercial vehicle; no more than occasional interaction with supervisors; complete isolation from coworkers and the public; no more than simple, routine, repetitive tasks.

6. Based on all the impairments, including the claimant's substance use disorders, the claimant was unable to perform past relevant work (20 CFR 404.1565).

7. The claimant was born on January 19, 1955 and was 51years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. The claimant's acquired job skills do not transfer to other occupations within the residual functional capacity defined above (20 CFR 404.1568).

10. Considering the claimant's age, education, work experience, and [RFC] based on all of the impairments, including the substance use disorders, there are no jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c) and 404.1566).

11. If the claimant stopped the substance use, the remaining limitations would have caused more than a minimal impact on the claimant's ability to perform basic work activities through the date last insured; therefore, the claimant would continue to have a severe impairment or combination of impairments.

12. If the claimant stopped the substance use, the claimant would not have an impairment or combination of impairments that met or medically equaled any of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1 through the date last insured (20 CFR 404.1520(d)).

13. Through the date last insured, if the claimant stopped the substance use, the claimant would have retained the [RFC] for work that involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools; standing and/or walking for a total of no more than 2 hours per work day; sitting for a total of 6 hours; no climbing of ropes/ladders/scaffolding, kneeling, crouching or crawling; no more than frequent postural activity otherwise; no foot pedal operation; no more than occasional reaching with the dominant right upper extremity; no exposure to hazards, such as moving machinery and unprotected heights; and no operation of a commercial vehicle.

14. If the claimant stopped the substance use, the claimant would be able to perform past relevant work as a Software Engineer. This work does not require the performance of work-related activities precluded by the [RFC] the claimant would have if he stopped the substance use (20 CFR 404.1565).

15. The substance use disorder is a contributing factor material to the determination of disability because the claimant would not be disabled if he stopped the substance use (20 CFR 404.1520(1) and 404.1535). Because the substance use disorder is a contributing factor material to the determination of disability, the claimant has not been disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date last insured.

PageID 93-108.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 45-52. Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

### B. Evidence of Record

In his decision, the ALJ summarized the relevant underlying medical evidence in this case. PageID 94-107. Plaintiff, in his Statement of Errors, sets forth a detailed recitation of the procedural history and record evidence. Doc. 7 at PageID 647-54. The Commissioner presents no specific objection to Plaintiff's summary and defers to the ALJ's summary of the evidence. Doc. 8 at PageID 668-69. Accordingly, except as otherwise noted herein, the undersigned incorporates Plaintiff's recitation and the ALJ's summary of the evidence.

### II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff

disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id*. at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id*.

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin*, 475 F.3d at 730, the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work

experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F.Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In his Statement of Errors, Plaintiff argues that the ALJ erred in: (1) finding he could perform his past relevant work as a software engineer based upon the RFC determined[2]; (2) making conclusions regarding his mental limitations in the absence of a psychological or psychiatric opinion; and (3) assessing his credibility. The Court finds merit to the ALJ's second assignments of error. Plaintiff's third assignment of error is not addressed.

Plaintiff argues that the ALJ erred in assessing mental limitations when determining his RFC, and contends that the ALJ made improper medical conclusions. Doc. 8 at PageID 1369-70. The Commissioner's regulations provide that a claimant's "impairment(s), and any related symptoms, such as pain, may cause physical and mental limitations that affect what [he or she] can do in a work setting." 20 C.F.R. § 404.1545(a)(1). An individual's RFC "is the most [he or she] can still do despite [his or her] limitations." *Id*. The Commissioner will determine a claimant's RFC "based on all the relevant evidence in [his or her] case record." *Id*.

"While the ALJ must consider all of the relevant evidence in determining a claimant's RFC, the RFC is ultimately a medical question that must find at least some support in the medical evidence of record." *Casey v. Astrue*, 503 F.3d 687, 697 (8th Cir. 2007). In other

---

[2] Plaintiff argues that the ALJ erred in finding that he could perform his past relevant work as a software engineer based upon the RFC determination. Doc. 8 at PageID 1369. Specifically, Plaintiff contends that the limitation to only occasional reaching and handling precludes him from such position as it is defined in the Dictionary of Occupational Titles ("DOT"). *Id*. Contrary to Plaintiff's contention, however, the DOT specifically states that software engineer positions require no more than occasional reaching and handling. *See* DOT § 030.062-010, 1991 WL 646541. Accordingly, Plaintiff's contention in this regard is meritless.

words, "[t]he [RFC] opinions of treating physicians, consultative physicians, and medical experts who testify at hearings are crucial to determining a claimant's RFC because '[i]n making the residual functional capacity finding, the ALJ may not interpret raw medical data in functional terms'"). *Isaacs v. Astrue*, No. 1:08-CV-00828, 2009 WL 3672060, at *10 (S.D. Ohio Nov. 4, 2009) (quoting *Deskin v. Commissioner*, 605 F.Supp.2d 908, 912 (N.D. Ohio 2008)).

When determining Plaintiff's RFC in light of all of his impairments -- including substance abuse -- the ALJ in this case set forth a number of limitations arising from his physical impairments (knees, cervical spine, and shoulder). PageID 97-99. With regard to mental limitations, the ALJ found that Plaintiff's substance abuse disorder would limit Plaintiff to occasional interaction with supervisors; complete isolation from co-workers and the public; and only simple, routine, and repetitive tasks. PageID 97-98.

The ALJ arrived at these mental limitations without reference to any particular medical source opinion offering an assessment of what specific functional limitations arise from Plaintiff's psychological/psychiatric/substance abuse impairments. *See* PageID 106 (acknowledging "the absence of any medical source statement in the record from a treating, examining, or non-examining psychological source"). Nevertheless, based upon the RFC found when considering all of Plaintiff's impairments, including substance abuse, the ALJ found Plaintiff would not be able to perform any job in the national economy and, therefore, would be disabled. PageID 100-01.

Because the record contains evidence of Plaintiff's substance abuse, however, the ALJ's analysis did not end with a disability finding at that point. *See* PageID 101-08. Instead, the ALJ appropriately considered whether Plaintiff's substance abuse disorder "is a contributing factor material to the determination of disability." 20 C.F.R. § 404.1535(a). In doing so, the ALJ analyzed whether Plaintiff's disabling limitations would remain if he "stopped using drugs or

alcohol and then determine[d] whether any or all of [his] remaining limitations would be disabling." 20 C.F.R. § 404.1535(b)(2). After undertaking this required review under 20 C.F.R. § 404.1535, the ALJ determined that, if Plaintiff's substance abuse ceased, his physical limitations would remain, but his mental limitations would not. *See* PageID 103-07. Again, in arriving at this RFC conclusion, the ALJ admittedly relied on no medical source opinion setting forth specific mental limitations. *See* PageID 106.

On appeal, the Commissioner points to opinions from Kristen Haskins, Psy.D. and Melanie Bergsten, Ph.D., as well as a treatment note from Florence Coleman, M.D. as support for the ALJ's mental RFC assessment. Doc. 9 at PageID 1385-86. Initially, the undersigned notes that the ALJ never cited the assessments by Drs. Haskins and Bergsten when determining Plaintiff's RFC. "[I]t is the opinion given by an administrative agency rather than counsel's 'post hoc rationale' that is under the Court's consideration." *O'Malley v. Comm'r of Soc. Sec.*, --- F.3d ---, No. 3:15-CV-168, 2016 WL 5387699, at *5 (S.D. Ohio Sept. 27, 2016) (citing *Romig v. Astrue*, No. 1:12-cv-1552, 2013 WL 1124669, at *6 (N.D. Ohio Mar. 18, 2013)). Thus, even if there is opinion evidence of record that could support the ALJ's conclusion, it is not evidence the ALJ relied upon in reaching such conclusion and, therefore, the Commissioner's argument in this regard is without merit.

Even if the ALJ did cite these opinions in support of his RFC finding, the Court points out that Drs. Haskins and Bergsten reviewed medical records and offered assessments regarding the severity of Plaintiff's medically determinable impairments and, thus, their assessments are limited and relevant to the ALJ's inquiry at Step Two of the sequential review process. PageID 67-69, 78-80; *see also Jones v. Comm'r of Soc. Sec.*, No. 3:15-CV-00428, 2017 WL 540923, at *6 (S.D. Ohio Feb. 10, 2017) (stating that, "[a]t Step Two of the evaluation process the ALJ must consider whether a claimant's impairment constitutes a 'medically determinable impairment,'"

8

and, if so, "whether that impairment is severe or non-severe"); *see also* 20 C.F.R. § 404.1520(a)(4). Neither Dr. Haskins, Dr. Bergsten nor Dr. Coleman set forth any opinion regarding Plaintiff's mental RFC. PageID 67-69, 78-80, 430-32. Thus, the undersigned cannot conclude that the ALJ's RFC assessment, as it relates to Plaintiff's mental limitations and substance abuse, is supported by substantial evidence. *Cf. Isaacs*, 2009 WL 3672060, at *10-11.

The undersigned recognizes the Commissioner's concern that, because Plaintiff's DLI was December 31, 2011, *i.e.*, over five years ago, it may be difficult for a consultative psychological or psychiatric examiner to assess Plaintiff's mental RFC between January 1, 2007 and his DLI of December 31, 2011. *See* doc. 9 at PageID 1385. While the undersigned appreciates such concern, this Court handles hundreds of Social Security disability appeals each year in which medical sources have reviewed records during a limited period of time and have opined regarding a claimant's RFC. An ALJ's RFC determination made in 2017 based upon an opinion of a medical professional is more likely to be supported by substantial evidence than the ALJ's RFC determination here, made in 2015 solely upon the ALJ's own lay interpretation of the raw medical findings.

**IV.**

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order the award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17

F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987).

In this instance, factual issues remain and a remand for further proceedings is necessary so that the ALJ may obtain medical opinion evidence concerning Plaintiff's mental health and substance abuse limitations, conduct another administrative hearing, and determine Plaintiff's disability status anew.

**V.**

For the foregoing reasons, **IT IS ORDERED THAT**: (1) the Commissioner's non-disability finding is unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case is **TERMINATED** on the docket.

    **IT IS SO ORDERED.**


Date:   March 27, 2017                             s/ Michael J. Newman
                                                                                            Michael J. Newman
                                                                                            United States Magistrate Judge